25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Lee C. DYESS, a/k/a Corky, Defendant-Appellant.
 No. 92-5875.
 United States Court of Appeals,
Fourth Circuit.
 Submitted May 24, 1994.
Decided June 14, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-92-67-2).
 John G. Sims, Logan, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, J. Kirk Brandfass, Ass't. U.S. Atty., Charleston, WVA, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 OPINION
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lee C. Dyess appeals the district court judgment finding him guilty of four violations of federal drug laws. We affirm.
 
 
 2
 Dyess first complains that the evidence was insufficient to show that he conspired to distribute crack cocaine. However, the government showed through eyewitness testimony that Dyess, who had no drugs at the beginning of the transaction, entered an apartment containing other people and returned with crack. A later search of the apartment revealed the paraphernalia of crack preparation and crack residue. This evidence was sufficient for a reasonable jury to find beyond a reasonable doubt that Dyess conspired with others to distribute crack out of the apartment. United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992).*
 
 
 3
 Dyess next complains that the evidence was insufficient to show that he distributed crack because the confidential informant who testified against him was inherently incredible. This contention is without merit. Credibility determinations are for the jury, not the appellate court, to make. United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir.1987).
 
 
 4
 Finally, Dyess complains that the evidence was insufficient to show that he later possessed crack with intent to distribute it. A police officer testified at trial that he saw Dyess appear to throw to the ground a bag later found to contain distributional amounts of crack. Again, the evidence was sufficient, if the jury found the officer credible, to establish Dyess's possession of the crack. Thus, Dyess's final claim of error must also fail.
 
 
 5
 We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Dyess contends that the evidence was insufficient based on the authority of United States v. Evans, 970 F.2d 663 (10th Cir.1993), cert. denied, 61 U.S.L.W. 3582 (U.S.1993). That case is inapposite. The record here reveals multiple transactions, whereas Evans reversed a conspiracy conviction in part because there was only one purchase transaction involved